UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GILBERT SANCHEZ § | |
| § | |
| § | |
| § | |
| VS. § | CA NO. 4:19−cv−00110 |
| § | |
| § | |
| ENTERPRISE OFFSHORE DRILLING § | |
| LLC AND SMART FABRICATORS OF § | |
| TEXAS, LLC § | |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff Gilbert Sanchez respectfully submits this Motion to Remand, pursuant to 28 § U.S.C. § 1447(c) and, in support, would respectfully show this Court the following:

**BACKGROUND**

On December 11, 2018, Plaintiff Gilbert Sanchez filed this Jones Act suit in the 165th District Court, Harris County, Texas, against Enterprise Offshore Drilling LLC ("Enterprise") and Smart Fabricators of Texas, LLC ("Smart Fabricators").

On January 11, 2018, Defendants removed this case to this Court, citing federal question jurisdiction and arguing that Plaintiff is not/was not a seaman for purposes of Jones Act.

On February 8, 2019, contemporaneous with this Motion to Remand, Plaintiff files a partial Motion to Dismiss Defendant Enterprise **without prejudice.** Assuming that the Motion to Dismiss is granted, this would leave only Plaintiff's claims for Jones Act negligence and maintenance and cure against Defendant Smart Fabricators.

**ARGUMENTS AND AUTHORITIES**

A court must strictly construe the removal statues in favor of remand and against removal. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). All doubts as to

1

removability are resolved in favor of remanding the case to the state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941).

**A.     Motion for Partial Dismissal.**

Assuming that the Court grants Plaintiff's Motion for Partial Dismissal Without Prejudice, then Plaintiff's remaining claims will be a Jones Act claim and a maintenance and cure claim against his employer, Defendant Smart Fabricators.

Judge Lee Rosenthal recently confronted a similar issue in *Wells v. Abe's Boat Rentals Inc.*, 2013 U.S. Dist. LEXIS 85534 (S.D. Tex. June 18, 2013) (*See* Exhibit A, courtesy copy of slip opinion).  In that case, the plaintiff Willie Wells was a Jones Act seaman who asserted Jones Act and maintenance and cure claims against his employer in Harris County state court. *Id.*  (*See* Exhibit B, a copy of Plaintiff Wells' live petition as of the time of removal).  Plaintiff also asserted maritime negligence claims against two defendants, Energy XXI GOM, LLC and Island Operating Company, Inc., which he claimed were negligent in causing the incident in which he was injured. *Id.*  Just as the Defendants have done in this case, the defendants in Wells removed the case, under federal question jurisdiction, claiming that the Outer Continental Shelf Lands Act ("OCSL'") applied to the claim. *Id.*

Plaintiff Wells moved to remand, citing the general rule that Jones Act claims are not removable.[1] *Id.*  Judge Rosenthal surveyed the law, including the 2011 amendments to 28 U.S.C. § 1441(a) and (b)[2] and determined that the plaintiff's Jones Act claims against his employer are not removable, but the maritime negligence claims against Energy XXI and Island Operating were

---

[1]     "As a general rule, ... Jones Act cases are not removable." *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir.1995); 46 U.S.C. § 688(a), 28 U.S.C. § 1445(a).

[2]     Judge Rosenthal's opinion cited extensively to a recent opinion by Judge Gray Miller, surveying the law on this issue as well. *Ryan v. Hercules Offshore, Inc.*, 945 F.Supp.2d 772, 2013 U.S. Dist. LEXIS 67547 (S.D. Tex. May 13, 2013), courtesy copy attached as **Exhibit C**.  The Ryan case did not involve claims made by a Jones Act seaman.

2

properly removed under federal question jurisdiction. *Id.* at *2-3. Citing 28 U.S.C. § 1441(c)(2), Judge Rosenthal determined that the non-removable Jones Act claims should be severed and remanded, but the maritime negligence claims against the non-employer should remain in federal court. *Id.* at *3-4.

Thus, in *Wells*, the claims against the Jones Act employer was remanded to state court, while the maritime negligence claims against the non-employer remained in federal court. Even though the claims would be split, the Court found that it was proper considering that Jones Act claims were not removeable.

This is exactly the type of action that this Court should take here in this matter.

The only distinction with the present case is that, here, Plaintiff is also filing a motion for partial dismissal of his claims against Defendant Enterprise, while maintaining his claim against his Jones Act employer Smart Fabricators. Therefore, assuming Defendant Enterprise is dismissed, only Plaintiff's Jones Act and maintenance and cure claims against his employer will remain in this suit. Applying Judge Rosenthal's analysis, those claims should be remanded to state court. And no claims would remain in federal court.

**B.     Mr. Sanchez was a Jones Act seaman at the time of his injuries.**

Defendant Smart Fabricators claims that Plaintiff was not a seaman and argues that his claims of seaman status are baseless in law and fact and brought only to frustrate federal jurisdiction. Defendant is mistaken. Plaintiff was a Jones Act seaman at the time of his injuries. (*See* Exhibit D, Affidavit of Gilbert Sanchez). Notably, Defendant Smart Fabricators did not contest Mr. Sanchez's seaman status in its initial answer. Plaintiff is entitled to bring this cause of action in State Court.

3

A civil action based on a Jones Act claim cannot be removed because the Jones Act incorporates the anti-removal provisions from FELA. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993); *see* 46 U.S.C. § 30104; *Burchett v. Cargill, Inc.,* 48 F.3d 173, 175 (5th Cir. 1995). In determining whether or not a Jones Act claim has been alleged in state court, federal district courts are generally limited to a review of the plaintiff's allegations in his pleadings. *Lackey,* 990 F.2d at 207 (holding that plaintiff's pleadings were sufficient to establish a Jones Act claim where he alleged (1) an employee-employer relationship with defendant; (2) that he was assigned to a vessel; (3) the facts underlying his injury; and (4) that defendant was negligent with regard to his safety.) Plaintiff has pled he was employed by Defendant Smart Fabricators, and was conducting his work for Defendant Smart Fabricators aboard a vessel owned by Enterprise as part of his regular duties at the time of his injury. Courts have even recognized that a jack-up drilling rig (like the one at issue in this suit) is considered a vessel. *See Barker v. Hercules Offshore, Inc.,* 713 F.3d 208, 215 (5th Cir. 2013). Plaintiff has pled sufficient details regarding his injury and that Defendants' negligence caused his injury. These reasons alone mandate remand.

Further, the "savings to suitors" clause allows a plaintiff who brings a Jones Act claim to choose either a federal or state forum by providing that state courts may exercise concurrent jurisdiction over maritime claims. *Williams v. M/V Sonora*, 985 F.2d 808, 812 n. 7 (5th Cir. 1993). Thus, federal courts cannot exercise removal jurisdiction over claims subject to the "savings to suitors" clause because the clause purports to guarantee the plaintiff the right to a remedy in state court. *Id*. In fact, many courts have simply found that "it is axiomatic that Jones Act suits may not be removed from state court because 46 U.S.C. §688 (the Jones Act) incorporates the general provisions of the Federal Liability Act, including 28 U.S.C §1445(a), which in turn bars removal." *Lackey*, 990 F.2d 202 at 207; *see also Eddy v. Inland Bay Drilling & Working, Inc.*, 784 F. Supp.

4

370, 372-73 (S.D. Tex. 1992). Finally, a Jones Act claim is not removable even in the event of diversity of the parties. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001). And since Defendants have not argued a diversity claim in their Notice of Removal in this case, this issue is moot.

To determine if an individual worker is a seaman, and therefore entitled to the protections of the Jones Act, the Supreme Court has established a two-prong test. First, "an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission." *Chandris, Inc. v. Latsis,* 515 U.S. 347, 368 (1995). Second, "a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both duration and nature." *Id.* Further, jurisdiction under the Jones Act "depends 'not on the place where the injury is inflicted ... but on the nature of the seaman's service, his status as a member of the vessel, and his relationship ... to the vessel and its operation in navigable waters.'" *Id.* at 359-60 (quoting *Swanson v. Marra Bros., Inc.,* 328 U.S. 1, 4 (1946)) (emphasis added).

The Supreme Court in *Chandris* acknowledged that satisfying the first prong of the seaman status test is relatively easy: the Plaintiff need only show that he "do[es] the ship's work." *Chandris,* 515 U.S. at 368; *see also In re Endeavor Marine, Inc.*, 234 F.3d 287, 290 (5th Cir. 2000). This threshold requirement is "very broad," encompassing "all who work at sea in the service of a ship." *Chandris*, 515 U.S. at 368 (internal citations and quotation marks omitted). Plaintiff's work as a welder primarily involved construction and maintenance of the rig, a critical component of Enterprise 263, and without which the vessel would not be able to carry out its mission. *See Partin v. Superior Energy Servs.,* No. 01-17-00629-CV, 2018 Tex. App. LEXIS 6334 at *27-28 (App. Aug. 14, 2018). Plaintiff was performing his essential job that allowed the vessel to perform its work. Plaintiff's job contributed to the function and mission of the vessel. *Chandris*,

515 U.S. at 368. Indeed, the Texas Court of Appeals recently held that a welder can qualify as a seaman. *See Partin,* 2018 Tex. App. LEXIS 6334 at *27-28.

The second prong—the requirement of a substantial connection to a vessel—is intended "to separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who have only a transitory or sporadic connection to a vessel in navigation." *Chandris*, 515 U.S. at 368. Importantly, this second prong constitutes a "status based" standard-- *i.e.* "it is not the employee's particular job that is determinative [of seaman status], but the employee's connection to a vessel." *Id* at 364. As a result, the Court speculated that, under this standard, even a ship repairman, who may know nothing about boating or sailing, could qualify as a seaman. *See id.* at 363-64. Plaintiff worked for Defendant Smart Fabricators for numerous months. *See* Exhibit D. During his employment with Defendant Smart Fabricators, Plaintiff spent the majority of his time working on vessels and on water and was a part of the vessel crew. *Id.* Plaintiff would eat and sleep on the vessel. *Id.* Mr. Sanchez spent a substantial part (much greater than 30%) of his total work time working aboard a vessel or vessels. *See id.* at 367.

In making this inquiry, courts must resolve any doubts, and any disputed issues of fact raised by the pleadings and affidavits, in favor of the plaintiff. *Lackey*, 990 F.2d 202 at 208. Moreover, as this is a jurisdictional inquiry, there is no requirement that Plaintiff submit evidence in support of the factual allegations in his petition. *Id*. Nevertheless, he has done so. *See* Exhibit D. This affidavit shows that Plaintiff was working as an employee on the vessel at the time of the incident and performed work with a connection to the vessel in navigation. Thus, Plaintiff is a seaman under the two-prong test. Defendant cannot negate that at this stage by simply contending that it does not believe he was a seaman. Plaintiff's claims against Defendant Smart Fabricators should be remanded to state court, where it was initially filed.

## CONCLUSION AND PRAYER

For the foregoing reasons, Plaintiff asks the Court to grant this motion and remand this suit to the 165th District Court, Harris County, Texas, where it was originally filed, and for such other relief to which the Plaintiff is entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Andrew Dao*
    Anthony G. Buzbee
    State Bar No. 24001820
    Federal Bar No. 22679
    Andrew Dao
    State Bar No. 24082895
    Federal Bar No. 2368172
    Cornelia Brandfield-Harvey
    State Bar No. 24103540
    Federal Bar No. 3323190
    JPMorgan Chase Tower
    600 Travis Street, Suite 7300
    Houston, Texas 77002
    Tel: (713) 223-5393
    Fax: (713) 223-5909
    tbuzbee@txattorneys.com
    adao@txattorneys.com
    cbrandfield-harvey@txattorneys.com
    www.txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been duly served upon all known counsel of record in accordance with the Federal Rules of Civil Procedure on ***February 8, 2019.***

                      */s/ Andrew Dao*
                      Andrew Dao