UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GILBERT SANCHEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.: 4:19-CV-00110 |
| | § | |
| ENTERPRISE OFFSHORE DRILLING | § | |
| LLC AND SMART FABRICATORS OF | § | |
| TEXAS, LLC | § | |

## DEFENDANT SMART FABRICATORS OF TEXAS, LLC'S
## MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Smart Fabricators of Texas, LLC ("SmartFab") moves for summary judgment under Rule 56, Federal Rules of Civil Procedure, on the grounds that Plaintiff sued his employer, SmartFab, under the Jones Act, and because the Court has held that Plaintiff was not a Jones Act seaman, he has no cause of action under the Jones Act. Instead, his exclusive remedy against SmartFab is a claim under the Longshore and Harbor Workers' Compensation Act. Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

### NATURE AND STAGE OF THE CASE

This is a personal injury case in which Plaintiff Sanchez purported to be a Jones Act Seaman. Defendants jointly removed under the OCSLA, averring that the Jones Act claim was fraudulently asserted to defeat removal. Sanchez moved to remand the case based on his Jones Act claim, and SmartFab opposed the remand. The Court heard argument on March 15, 2019, and denied the motion to remand on March 25, 2019, finding that Sanchez "was not a seaman under the Jones Act," and that "the Jones Act does not apply."[1]

---

[1] Court Doc. # 19 at pp. 2, 11.

## ISSUE TO BE RULED ON BY THE COURT

Whether Plaintiff's Jones Act claim should be dismissed with prejudice because he is not a Jones Act seaman?

## LAW AND ARGUMENT

**1.    The Court found that Plaintiff is not a Jones Act seaman and therefore the only claim he asserted against SmartFab, which was under the Jones Act, should be dismissed, leaving Plaintiff with a claim under the LHWCA.**

In his Petition, Plaintiff alleged he was an employee of SmartFab, and his only claim against SmartFab was under the Jones Act.[2]

The Court reviewed all evidence submitted by Plaintiff and SmartFab on Plaintiff's Motion to Remand in a summary-judgment-type inquiry and concluded that the "record evidence does not show that the circumstances or the nature of Sanchez's duties exposed him to the perils of the sea in a manner associated with seaman status," that "Sanchez has not alleged facts or submitted or identified evidence showing that he had a substantial connection with a vessel in navigation as a seaman," and that accordingly, "the Jones Act does not apply."[3]

Because he is not a Jones Act seaman, Sanchez's only claim against his employer, SmartFab, is under the Longshore and Harbor Workers' Compensation Act ("LHWCA"). See 33 U.S.C. § 905(a), which provides in pertinent part as follows:

**§ 905. Exclusiveness of liability**

(a) The liability of an employer prescribed in section 4 [33 USC § 904] shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure

---

[2] See Plaintiff's Original Petition, Document 1-2 at p. 2, ¶¶ IV, VI, and VIII.
[3] Court Doc. # 19 at pp. 2, 10, 11. SmartFab incorporates by reference its Memorandum in Opposition to Plaintiff's Motion to Remand (Court Doc. # 14).

payment of compensation as required by this Act, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under the Act, or to maintain an action at law or in admiralty for damages on account of such injury or death.

Under the LHWCA, an injured worker is barred from bringing a civil action against his or her employer, if, as here, the employer secured LHWCA benefits for the worker. *Mendez v. Anadarko Petroleum Corp.*, 2010 WL 5343181 *6 (S.D. Tex. 2010)(granting summary judgment dismissing plaintiff's Jones Act claim against his employer where seaman status had been disproved). Stated differently, maritime workers such as Sanchez are limited to LHWCA remedies if no genuine issue of fact exists as to whether the worker was a seaman under the Jones Act. *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 89, 112 S.Ct. 486 (1991); *Fontenot v. AWI, Inc.*, 923 F.2d 1127, 1128 n. 3, 1132 (5th Cir. 1991)(affirming dismissal of plaintiff's Jones Act claim against his employer on summary judgment based on LHWCA's exclusive remedy provision where plaintiff failed to establish seaman status).

SmartFab did "secure payment of compensation as required" by the LHWCA and was in fact paying LHWCA benefits to Sanchez until he changed tack and asserted he was a Jones Act seaman. See Declaration of SmartFab's office manager, Kellie Brown, attached and incorporated as Exhibit A, confirming the existence of LHWCA coverage for Plaintiff, and authenticating attached records of payments to Plaintiff under the LHWCA and termination of those benefits based on, among other things, Sanchez' assertion of seaman status. Accordingly, there is no genuine issue as to the following material facts: (1) Sanchez is not a seaman; and (2) SmartFab secured LHWCA coverage for him. Accordingly, Sanchez's Jones Act claims against Smart Fab fail as a matter of law and his complaint against SmartFab should be dismissed on summary judgment under Rule 56.

3

## CONCLUSION AND RELIEF SOUGHT

Plaintiff's seaman status claim did not survive the summary-judgment-like test, and the Court found he was not a seaman. The evidence is uncontradicted that SmartFab did "secure payment of compensation as required" by the LHWCA and was in fact paying LHWCA benefits to Sanchez until he changed tack and asserted he was a Jones Act seaman. Therefore, as a matter of law, his Jones Act claim against SmartFab should be dismissed with prejudice, leaving Plaintiff to his exclusive remedy under the LHWCA. SmartFab further requests all other relief to which it may be entitled at law, in admiralty, and/or in equity.

Respectfully Submitted,

*/s/ M. Matt Jett*
M. Matt Jett
Attorney in Charge
TBN: 24068684/Fed ID 1091711
2800 Post Oak Blvd., Suite 6400
Houston, TX 77056
Telephone: 713.871.9000
Facsimile: 713.871.8962
mjett@hallmaineslugrin.com

**ATTORNEYS FOR DEFENDANT
SMART FABRICATORS OF TEXAS,
LLC**

OF COUNSEL:

HALL MAINES LUGRIN, P.C.
Evan T. Caffrey
TBN: 03588650/Fed ID 13178
2800 Post Oak Blvd., Suite 6400
Houston, TX 77056
Telephone: 713.871.9000
Facsimile: 713.871.8962
ecaffrey@hallmaineslugrin.com

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2019, a true and correct copy of the above and foregoing document was served by electronic filing and service via CM/ECF on the following at the listed e-mail address:

Anthony G. Buzbee
tbuzbee@txattorneys.com
Andrew Dao
adao@txattorneys.com
Cornelia Brandfield-Harvey
cbrandfieldharvey@txattorneys.com
The Buzbee Law Firm
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909

*/s/ Evan T. Caffrey*
M. Matt Jett / Evan T. Caffrey