IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GILBERT SANCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-110 |
| | § | |
| ENTERPRISE OFFSHORE DRILLING | § | |
| LLC and SMART FABRICATORS OF | § | |
| TEXAS LLC, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

**I.  Background**

In August 2018, while performing welding work on the Enterprise 263, a drilling rig owned and operated by Enterprise Offshore Drilling LLC, Gilbert Sanchez tripped on a pipe and injured his ankle and back.  (Docket Entry No. 1-2 at 3).  In December 2018, Sanchez sued Enterprise Offshore Drilling and his employer, Smart Fabricators, in state court, asserting a Jones Act negligence claim and a general maritime law unseaworthiness claim.  (*Id.* at 1).  Smart Fabricators had paid Sanchez workers' compensation benefits under the Longshore and Harbor Workers' Compensation Act until Sanchez filed his state-court petition.  (Docket Entry No. 23 at 3).

In January 2019, Enterprise Offshore Drilling and Smart Fabricators removed to this court. (Docket Entry No. 1).  Sanchez dismissed his claims against Enterprise Offshore Drilling and moved to remand, arguing that the Jones Act precluded removal.  46 U.S.C. § 30104.  The court found that Sanchez did not submit or identify evidence showing that he was a "seaman under the Jones Act," and denied his motion to remand.  (Docket Entry No. 19 at 10–11).  Smart Fabricators now moves for summary judgment, and Sanchez has responded.  (Docket Entry Nos. 23, 24).

Based on a careful review of the pleadings, the motion and response, the record, and the governing law, the summary judgment motion is granted. (Docket Entry No. 23). The reasons are set out in detail below.

## II.     The Legal Standards

### A.     Summary Judgment

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd on Behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting FED. R. CIV. P. 56(a)). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (quotations and citations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating that there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (alteration omitted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). The moving party must demonstrate the absence of a genuine issue of material fact, but it need not negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). "If the moving party fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C.*

*v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence in the record and articulate "the precise manner in which" that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 946 (5th Cir. 2019) (quotation omitted). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Wease v. Ocwen Loan Servicing, LLC*, 915 F.3d 987, 992 (5th Cir. 2019).

### B. The Longshore and Harbor Workers' Compensation Act and the Jones Act

Congress enacted the Longshore Harbor Workers' Compensation Act (LHWCA) to give maritime workers a "quick, certain compensation from their employers regardless of fault." *Chenevert v. Travelers Indem. Co.*, 746 F.3d 581, 585 (5th Cir. 2014). In exchange, employers "are generally absolved from any further liability in relation to such injuries." *Id*. Under the Jones Act, a "seaman injured in the course of employment . . . may elect to bring a civil action at law . . . against the employer." 46 U.S.C. § 30104. The LHWCA and Jones Act are "mutually exclusive" compensation regimes. *Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 553 (1997). If a plaintiff qualifies as a seaman, the Jones Act controls; if the plaintiff does not qualify, he or she "is protected only by the LWHCA." *Becker v. Tidewater, Inc.*, 335 F.3d 376, 386 (5th Cir. 2003) (citing *Chandris, Inc. v. Latsis*, 515 U.S. 347, 355–58 (1997)).

3

If Sanchez cannot raise a fact issue material to his seaman status, he may seek compensation only from Smart Fabricators under the LHWCA, entitling the company to summary judgment on Sanchez's Jones Act negligence claim and general maritime law unseaworthiness claim. *See* 33 U.S.C § 905(b) (a worker covered by the LHWCA does not have a cause of action for unseaworthiness or a negligence claim against the employer unless it owned the vessel); *Levene v. Pintail Enters. Inc.*, 943 F.2d 528, 531 (5th Cir. 1991) (LHWCA makes employers fully immune from tort suits brought by their employees, unless the employer acted in a dual capacity as vessel owner); *Washington v. Blanchard Contractors, Inc.*, No. H-8-1806, 2009 WL 1108922, at *5 (S.D. Tex. Apr. 24, 2009).

"Land-based workers are not seamen." *Alexander v. Express Energy Servs. Operating, L.P.*, 784 F.3d 1032, 1033 (5th Cir. 2015) (quotation omitted). "The seaman inquiry is a mixed question of law and fact, and it often will be inappropriate to take the question from the jury." *Papai*, 520 U.S. at 554; *Wilcox v. Welders*, 969 F. Supp. 2d 668, 674 (E.D. La. 2013), *aff'd sub nom*. *Wilcox v. Wild Well Control, Inc.*, 794 F.3d 531 (5th Cir. 2015), *as revised* (Aug. 11, 2015). "Summary judgment is appropriate where the facts and the law will reasonably support only one conclusion." *Papai*, 520 U.S. at 554 (quotation and citation omitted). However, "[i]f reasonable persons, applying the proper legal standard, could differ as to whether the employee was a 'member of a crew,' it is a question for the jury." *Chandris*, 515 U.S. at 369 (quotation omitted).

## III. Analysis

A two-prong test is used to determine whether an employee is a Jones Act seaman. First, the employee's duties "must contribute to the function of the vessel or to the accomplishment of its mission"; and second, the employee "must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature."

4

*Wilcox*, 794 F.3d at 536 (quoting *Chandris*, 515 U.S. at 368) (alteration omitted). A ship repairman or welder may be a longshoreman or a seaman, depending on the nature of his or her work. *See S.W. Marine, Inc. v. Gizoni*, 502 U.S. 81, 89 (1991) ("While in some cases a ship repairman may lack the requisite connection to a vessel in navigation to qualify for a seaman status, . . . not all ship repairmen lack the requisite connection as a matter of law." (citations omitted)).

The court's March 2019 Memorandum and Opinion found that Sanchez did not submit or point to evidence raising a factual dispute material to deciding whether his connection with the vessels was "substantial in nature." (Docket Entry No. 19 at 9–10). As a result, the Jones Act did not apply, and the court denied Sanchez's motion to remand. Relying on this ruling, Smart Fabricators moves for summary judgment on Sanchez's Jones Act negligence claim and his general maritime law claim for unseaworthiness. (Docket Entry No. 23). According to Smart Fabricators, because Sanchez was not a Jones Act seaman, his only remedy is the LHWCA workers' compensation benefits. (*Id.* at 1). Sanchez responds that factual disputes material to whether his connection to the vessel was substantial in nature remain and asks the court to revise its March 2019 Memorandum and Opinion. (Docket Entry No. 24 at 8–10).[1]

Conceding that "in deciding the question of seaman status, courts should concentrate on whether the employee's duties take him to sea," Sanchez argues this does not require him to show that he was "literally taken to sea." (*Id.* at 8). According to Sanchez, "take him to sea" is a "shorthand way of saying that the employee's connection to the vessel regularly exposes him to the perils of the sea." (*Id.* at 8–9). Sanchez cites *Naquin v. Elevating Boats, L.L.C.*, 744 F.3d 927

---

[1] The parties agree that factual disputes exist material to whether the Enterprise 263 and Enterprise WFD 350 were "vessels in navigation" and whether Sanchez had a connection with the vessels that was "substantial in . . . duration." Smart Fabricators's summary judgment motion focuses on the narrow question of whether Sanchez raised factual disputes material to whether his connection with the vessels was "substantial in . . . nature."

(5th Cir. 2014), arguing that his "duties as a welder aboard a vessel in navigation took him out to sea and exposed him to the perils of the sea." (Docket Entry No. 24 at 9). Sanchez contends that as a welder, he performed "routine maintenance activities for the vessel that . . . were more closely akin to the duties of a seaman than a land-based ship repairman." (*Id.*).

For the reasons stated in the court's March 2019 Memorandum and Opinion, Sanchez's arguments are unpersuasive. Sanchez does not point to evidence showing that he was a vessel crew member. Nor does he submit or identify evidence contradicting Smart Fabricator's witness testimony that Sanchez worked on the two Enterprise drilling rigs only "while they were jacked up on the sea floor, with the body of the rig out of the water and not subject to waves [or] tides." (Docket Entry No. 14-1 at ¶ 13).

*Naquin* is distinguishable. Unlike here, the plaintiff's duties included inspecting the vessels for repairs, replacing defective or damaged parts, performing engine repairs, going on test runs, and operating the vessels' marine cranes and jacked-up legs. *Naquin*, 744 F.3d at 930–31. Sanchez's duties, by contrast, did not include operating or navigating the rigs, or any work on the drilling rigs while they were actually in navigation. Nor does Sanchez point to evidence showing that his work required him to ride on a vessel to get to the drilling rigs. The only evidence Sanchez identifies relating to his job duties was his own affidavit, which states that his work "involved construction, maintenance[,] and welding." (Docket Entry No. 9-4). This conclusory and generalized statement cannot raise factual disputes material to whether the work Sanchez performed on the Enterprise 263 and Enterprise WFD 350 exposed him to the perils of the sea, or to whether Sanchez had a substantial connection to the vessels in the nature of the work, satisfying the seaman-status requirements. *Becker*, 335 F.3d at 391; *see also In re Buchanan Marine, L.P.*, 874 F.3d 356, 367–68 (2d Cir. 2017) (a worker whose duties "were limited to inspecting and

repairing barges that were secured to the dock" did not go to sea and was not exposed to its perils "in the manner associated with seaman status").

Sanchez fails to raise factual disputes material to whether he was a seaman, as needed to survive summary judgment on his Jones Act negligence claim or his general maritime law claim for unseaworthiness against Smart Fabricators.

## IV. Conclusion

Smart Fabricators's motion for summary judgment is granted. (Docket Entry No. 23). Final judgment is separately entered.

SIGNED on June 18, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge